# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STOCKPORT MOUNTAIN CORPORATION, LLC,** | : | No. 3:11cv514 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| **NORCROSS WILDLIFE FOUNDATION, INC.,** | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court is Plaintiff Stockport Mountain Corporation LLC's motion to alter or amend the judgment (Doc. 66) pursuant to Federal Rule of Civil Procedure 59(e). The parties briefed the issues and the matter is ripe for disposition. For the reasons set forth below, the court will deny Stockport's motion.

## **Background**

This motion arises from the court's August 27, 2013 Memorandum and Order granting summary judgment in favor of Defendant Norcross Wildlife Foundation, Inc. (hereinafter "Norcross") on Plaintiff Stockport Mountain Corporation LLC's (hereinafter "Stockport") claim for declaratory relief. (See Doc. 65, Mem. & Order dated Aug. 27, 2013). At issue was whether the parties' Conservation Easement (hereinafter "the Easement") prohibited or permitted certain activities and uses of the property, including, among other things, "[i]ndustrial or commercial uses of any kind."

On March 18, 2011, Stockport ultimately filed a complaint seeking

declaratory judgment that oil and natural gas exploration and drilling via surface wells was permitted by the Easement pursuant to 28 U.S.C. § 2201, *et seq.*, the Declaratory Judgment Act. On March 15, 2012, after the court denied both Norcross' Motion to Dismiss the complaint and Stockport's cross-motion for Summary Judgment, Norcross filed an Answer and Affirmative Defenses to the complaint in which it asserted a Counterclaim against Stockport for a declaration that the Easement **prohibits** natural gas extraction via surface drilling. (Doc. 36, Answer ¶ 75). Norcross's Counterclaim sought: (1) a declaration that the conservation easement prohibits the extraction of oil and natural gas by surface methods through the drilling of wells and (2) the award of attorneys' fees, expert witness fees, costs of suit, and any other costs of enforcement incurred by Norcross pursuant to the Section 7.2 "costs of enforcement" provision of the Easement.

    The parties engaged in discovery for eight months, and, at the close of discovery, Norcross filed a motion for summary judgment. (Doc. 46, Mot. for Summ. J.). In its motion, Norcross requested that the court award summary judgment in its favor on both Stockport's causes of action and on Norcross's Counterclaim. Norcross filed a proposed order requesting that judgment be entered in its favor on both Stockport's claim and on Norcross' Counterclaim and that Norcross be awarded, *inter alia*, reasonable costs and attorneys' fees.

    By its memorandum and order dated August 27, 2013, the court: (1)

2

granted Norcross' motion for summary judgment; (2) entered judgment in favor of Norcross declaring that the easement prohibits the extraction of oil and natural gas by surface methods through the drilling of wells; and (3) granted Norcross' request for reasonable costs and attorneys' fees pursuant to Section 7.2 of the Easement.

On September 24, 2013, Stockport filed the instant motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), seeking reconsideration of the aspect of the judgment granting attorneys' fees to Norcross.  (Doc. 66).  The parties then briefed the issues bringing the case to its present posture.

**Legal Standard**

Stockport seeks relief pursuant to Federal Rule of Civil Procedure 59(e).  Rule 59(e) provides that motions to alter or amend a judgment must be filed within twenty-eight (28) days of the entry of judgment.  Under Rule 59(e), a party may move to alter or amend a judgment "'to correct clear error [of law] or prevent manifest injustice.'" Pediatrix Screening, Inc. v. TeleChem Int'l, Inc., 602 F.3d 541, 546 (3d Cir. 2010) (quoting North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion to alter or amend judgment is subject to the "sound discretion of the district court." Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267, 272–73 (3d Cir.2001). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985); Max's

3

Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F .3d at 677.

**Discussion**

In the instant motion, Stockport contends that the court's award of attorneys' fees represents a clear error of law. Specifically, Stockport argues that the court erred in granting Norcross' request for attorneys' fees because Norcross waived its entitlement to such an award by failing to adequately raise the request in its summary judgment motion and supporting brief. Additionally, Stockport asserts that the court erred by failing to apply the "American Rule" to preclude the award of attorneys' fees to Norcross in a declaratory judgment action that merely asked the court to interpret the Easement rather than enforce its terms. Norcross argues that its request for attorneys' fees was adequately raised and that Stockport was not deprived of the opportunity to brief the issue. The court addresses these issues in turn.

**I. Request for Attorneys' Fees Not Adequately Raised**

Stockport first argues that the court erred in granting Norcross' request for reasonable costs and attorneys' fees because Norcross failed to adequately raise the issue of attorneys' fees in its summary judgment

4

motion and supporting brief.  Stockport contends that Norcross' failure to adequately raise and brief the issue of attorneys' fees unfairly precluded Stockport from presenting any counter-argument on the issue in its opposition brief.   Norcross asserts that its request for attorneys' fees was adequately raised by way of its Brief in Support of Motion for Summary Judgment and Reply Brief in Support of Motion for Summary Judgment, which each contended that summary judgment be granted in its favor on both Stockport's cause of action **and** Norcross's Counterclaim.  Additionally, Norcross asserts that Stockport had multiple opportunities to brief the issue prior to the court's August 27, 2013 Order, including in response to the request contained within Norcross' Counterclaim and in the proposed Order filed in conjunction with its Motion for Summary Judgment.   After careful consideration, the court agrees with Norcross.

In the instant case, Norcross' Counterclaim clearly sought, among other things, the award of attorneys' fees and costs pursuant to Section 7.2 of the Easement.  Moreover, it is undisputed that the proposed Order filed by Norcross in conjunction with its Motion for Summary Judgment sought judgment on the claim for attorneys' fees pursuant to Section 7.2 of the easement.

Stockport relies on <u>Kiewitt Eastern Co., Inc. v. L&R Construction Co., Inc.</u>, 44 F. 3d 1194 (3d. Cir. 1995) to support its contention that Norcross' claim for attorneys' fees and costs was waived because its summary judgment motion and supporting brief did not contain a separate section

5

asking for attorneys' fees.  Kiewitt, however, is distinguishable from the instant matter.  In Kiewitt, the Court denied Kiewitt's motion to amend the judgment to include an award of attorneys' fees, finding that Kiewitt had not even sought attorneys' fees against L&R Construction until its Rule 59(e) motion.  The Kiewitt court held that such failure to raise the request until after the court awarded summary judgment constituted a waiver of its entitlement to attorneys' fees.  Here, Norcross sufficiently raised the issue prior to the court's memorandum and order granting summary judgment, allowing the court to properly rule on whether Norcross was so entitled.  As such, the court is not persuaded that it erred in granting Norcross' request for reasonable costs and attorneys' fees pursuant to Section 7.2 of the Easement and Stockport's motion will be denied on this ground.

**II.  The American Rule Prohibits Attorneys' Fees**

Stockport next argues that the "American Rule" regarding attorneys' fees prohibits fee-shifting in a declaratory judgment action that asks the court to interpret, rather than enforce, terms of the Easement.  Norcross does not dispute this general rule but asserts that a clearly established exception permits the award of attorneys' fees where there is an express contractual agreement between the parties.  The court agrees with Norcross.

 Pennsylvania generally follows the "American Rule" in regard to the awarding of attorney's fees in declaratory judgment actions, which requires each party to pay its own fees.  Pennsylvania v. Flaherty, 40 F.3d 57, 60

(3d. Cir. 1994). The Supreme Court, however, has held that attorneys' fee-shifting is permitted where it is expressly authorized by statute or there is an express contractual agreement between the parties. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975).

In the instant matter, the parties expressly agreed that "costs of enforcement," would be awarded to the prevailing party in the event of legal action taken to enforce the Easement's terms. Stockport contends that the court interpreted the terms of Section 7.2 too broadly and that the provision only contemplates "enforcement" actions brought by Norcross in response to a violation or threatened violation of the terms of the Easement. Norcross counters that the court properly interpreted the provision according to its plain and unambiguous language.

The law provides that where provisions of a contract are clear and unambiguous, they must be given their plain and ordinary meaning and "it is not the function of th[e] Court to re-write [a contract], or to give it a construction in conflict with the accepted and plain meaning of the language used." Int'l Derrick & Equip. Co. v. Buxbaum, 240 F.2d 536, 539 (3d Cir. 1957) (citing Topkis v. Rosenzweig, 5 A.2d 100, 101 (Pa. Super. Ct. 1939)). In this case, Section 7.2 of the Easement provides that "any costs incurred by Grantee (Norcross) in enforcing the terms of this Easement against Grantor (Stockport), including, without limitation . . . attorneys' fees, and any costs . . . necessitated by Grantor's violation of this Easement shall be borne by the Grantor." Conversely, section 7.2 goes on to provide that "[i]f

7

Grantor prevails in any action to enforce the terms of this Easement, Grantor's costs of suit, including without limitation, attorneys' fees, shall be borne by Grantee." Conservation Easement, Section 7.2. Construing these terms in accordance with their plain and ordinary meaning, we find that the fee-shifting provisions of Section 7.2 are clear and unambiguous and entitle Norcross to the award of attorneys' fees.

It is clear that the parties contemplated and expressly agreed that the costs incurred as a result of legal action pertaining to "enforcing" the terms of the Easement shall be borne by the losing party. Thus, it is necessary to examine the actions taken by Norcross to determine whether they constituted "enforcement action."

In this case, Stockport filed a declaratory judgment action seeking a declaration that its proposed natural gas activities were permitted. In response, Norcross filed an Answer and Affirmative Defenses. Moreover, in order to protect its rights and interest under the Easement, as well as to preserve the values and goals of the Easement, Norcross filed a Counterclaim against Stockport seeking a declaration that the proposed activities were prohibited by the express terms of the Easement. Norcross incurred the costs of these legal proceedings in response to Stockport's threatened violation of the express terms of the Easement. Norcross' defense against Stockport's declaratory judgment action as well as its assertion of its own Counterclaim constitute "enforcing the terms of the Easement" against Stockport and, therefore, the reasonable costs and

8

attorneys' fees incurred by Norcross in doing so are to be borne by Stockport.

Had Norcross not opposed Stockport's declaratory action and asserted its own Counterclaim for declaration that the proposed activities were prohibited, Norcross would have, in effect, allowed Stockport to violate the express terms of the Easement.

We find that these actions constitute "enforcement" of the prohibition terms of the Easement. As such, the court properly granted Norcross' request for reasonable costs and attorneys fees pursuant to the clear and unambiguous language of the "costs of enforcement" provision of the Easement. Accordingly, the court will exercise its discretion to deny the instant motion.

**Conclusion**

For the reasons set forth above, Stockport's motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure 59(e) is denied. An appropriate order follows.

**BY THE COURT**:

Date: <u>January 10, 2014</u>       <u>s/ James M. Munley</u>
**JUDGE JAMES M. MUNLEY**
**United States District Court**

9