# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STOCKPORT MOUNTAIN CORPORATION, LLC, | : | No. 3:11cv514 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| NORCROSS WILDLIFE FOUNDATION, INC., | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM & ORDER

Before the court for disposition is Defendant Norcross Wildlife Foundation, Inc.'s (hereinafter "Norcross") application for reasonable costs and attorneys' fees. (Doc. 65). Plaintiff Stockport Mountain Corporation, LLC (hereinafter "Stockport") filed objections to Norcross' fee request (Doc. 69) making this matter ripe for disposition.

## Background

The underlying case arose from a dispute over the interpretation of a Conservation Easement (hereinafter "the Easement"). On March 18, 2011, Stockport filed a complaint against Norcross seeking a declaratory judgment that the Easement permitted oil and natural gas exploration and drilling. Norcross countered with a request for a declaration that the Easement prohibited such activities. After carefully considering the parties' arguments, the court granted Norcross summary judgment, declaring that the Easement prohibited Stockport's proposed natural gas activities. (Doc. 61, Mem. & Order dated Aug. 27, 2013).

The court also granted Norcross' request for reasonable costs and attorneys' fees pursuant to Section 7.2 of the Easement.[1] (Id. at 38-39). On September 24, 2013, Norcross submitted a timely application for reasonable costs and attorneys' fees. (Doc. 65, Appl. for Reasonable Costs & Atty's Fees). On October 8, 2013, Stockport objected to Norcross' fee request, bringing the case to its present posture.

**Discussion**

The Supreme Court has held that costs, attorneys' fees and expenses may be awarded to a prevailing party in a federal litigation where authorized by statute or enforceable contract. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975); Hall v. Cole, 412 U.S. 1, 4 (1973). Here, the Easement, which constitutes an enforceable contract between Norcross and Stockport, expressly provides for an award of attorneys' fees and costs to the prevailing party in the event of legal action taken to enforce the Easement's terms. Norcross, the prevailing party in the underlying action, now seeks a total award of $184,775.66 in attorneys' fees, costs and expert witness fees. (Doc. 65, Appl. for Reasonable Costs & Atty's Fees ¶ 12). Norcross' fee request is comprised of the following: (1) $3,582.06 in costs; (2) $142,776.50 in Rosenn, Jenkins & Greenwald, LLP's

---

[1] The "costs of enforcement" provision contained within Section 7.2 of the Easement provides, in relevant part, that "any costs incurred by Grantee [Norcross] in enforcing the terms of this Easement against Grantor [Stockport], including, without limitation, costs of suit, expert witness fees and attorneys' fees… shall be born by Grantor."

2

(hereinafter "RJ&G") attorneys fees; (3) $19,799.10 in expert witness fees; and (4) $18,618.00 in Attorney R. Anthony Waldron's fees. Stockport does not object to Norcross' request for costs, RJ&G's fees and expert witness fees but objects to Attorney Waldron's fees. Thus, the court will first address Norcross' costs, RJ&G's fees and expert witness fees and then address Waldron's fees.

**A. No Objections- Costs, RJ&G's Fees and Expert Witness Fees**

As previously stated, Norcross seeks $3,582.06 in costs, $142,776.50 in RJ&G's fees and $19,799.10 in expert witness fees. Stockport does not object to this portion of Norcross' fee request. Where the opposing party fails to object to a fee request, the court is prohibited from reducing, *sua sponte*, the fee award. As the Third Circuit Court of Appeals has stated:

> [W]hen an opposing party has been afforded the opportunity to raise a material fact issue as to the accuracy of representations as to hours spent, or the necessity for their expenditure, and declines to do so, no reason occurs to us for permitting the trial court to disregard uncontested affidavits filed by a fee applicant.

Cunningham v. City of McKeesport, 753 F.2d 262, 267 (3d Cir. 1985), vacated on other grounds, 478 U.S. 1015 (1986), and reinstated, 807 F.2d 49 (3d Cir. 1986); see also United States v. Eleven Vehicles, Their Equip. & Accessories, 200 F.3d 203, 211-12 (3d Cir. 2000) (stating that "in this circuit, a court may not reduce counsel fees *sua sponte* as excessive, redundant or otherwise unnecessary in the absence of a sufficiently specific objection to the amount of fees requested."). Therefore, the court will award Norcross $146,358.06 in RJ&G's fees and costs and $19,799.10 in expert

3

witness fees.

**B. Objection to Attorney Waldron's Fees**

Next, the court addresses Stockport's objection to Attorney Waldron's fees.[2] Where the opposing party objects to the requesting party's calculation of its reasonable costs and attorneys' fees, courts within the Third Circuit first calculate the "lodestar" which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" to determine a reasonable fee. McKenna v. City of Phila., 582 F.3d 447, 455 (3d Cir. 2009) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). To the extent the opposing party seeks to challenge the fees sought, "the opposing party must then object with 'sufficient specificity' to the request." Id. (quoting Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)). A district court has wide discretion to decrease attorneys' fees in light of the objections presented. Rode, 892 F.2d at 1183.

Norcross submitted a request for Attorney Waldron's fees in the amount of $18,618.00, which Norcross argues is reasonable given the complexity of the case and the fact that it excluded time billed for matters

---

[2] Attorney Waldron's fees break down as follows:
1. Pre-litigation services:  38.25 hours at $200.00 per hour    $7,650.00
2. Pre-litigation services:  10.10 hours at $180.00 per hour    $1,818.00
3. Post-litigation services: 32.85 hours at $200.00 per hours   $6,570.00
4. Consultation to RJ&G:     22.45 hours at $200.00 per hour    $4,490.00
   Totals:                   103.65 hours                       $20,528.00

(Waldron Decl., Ex. 1, pp. 6-18).

4

unrelated to the enforcement of the Easement. Stockport argues that Waldron's fees should be excluded from Norcross' total award as excessive or unnecessary because they were not incurred in "enforcing" the terms of the Easement. Therefore, the court will examine the reasonableness of Waldron's billable hours and hourly rates.

### 1. Reasonable hours

To determine the number of hours used in calculating the lodestar, courts must review the requesting party's submitted evidence and exclude hours that are "excessive, redundant, or otherwise unnecessary." McKenna, 582 F.3d at 455. Despite the calculated lodestar amount, the court has "discretion in determining the amount of a fee award." Hensley, 461 U.S. at 437. The discretion extends to an independent review of the requested fees to determine if they were reasonably incurred. Id. at 434.

The court's independent review of Norcross' invoices reveals that Attorney Waldron's hours are reasonable in light of the services rendered and results obtained. The court finds that Waldron provided legal services to Norcross regarding this matter from its inception through to its final resolution. Specifically, Norcross first sought Waldron's services pertaining to this matter in December 2007 after it received a letter from Stockport notifying Norcross of its intent to lease the property for surface drilling. (Waldron Decl. ¶ 4). Waldron continued to provide Norcross legal services after the action was ultimately filed on March 18, 2011, and through to the date the court granted Norcross summary judgment on August 27, 2013.

5

(Id.)  Waldron's legal services in this matter included: (1) assisting Norcross' Executive Director in drafting her response letter to Stockport's December 19, 2007 notice, explaining Norcross' objection to Stockport's proposed activities; (2) negotiating with Stockport's attorneys regarding Norcross' opposition to the proposed activities; and (3) consulting RJ&G regarding the underlying litigation.  (Id. ¶¶ 5-7).  As such, the court finds that Waldron's hours expended on this matter are reasonable and adequately reflect the work he performed on behalf of Norcross.

Stockport next argues that Atty. Waldron's invoices improperly credit him for services that were duplicative of services already provided to Norcross by its other counsel, RJ&G.  The court, however, finds that Waldron's services were not duplicative of those already provided by RJ&G.  Rather, Waldron either exclusively provided his own services or performed supplemental work to assist RJ&G in their litigation preparation.  The court finds that given the complexity of the issues and the duration of the litigation, it was reasonable for Norcross' counsel to perform work in a collaborative effort.  Moreover, it is clear that Waldron's work, performed in conjunction with RJ&G, was adequate in light of the results obtained.  None of  Waldron's invoices reference hours spent litigating unsuccessful claims, as the court ultimately entered judgment in Norcross' favor against Stockport.  (Doc. 61, Mem. & Order dated Aug. 27, 2013).  These hours were not excessive, redundant or otherwise unnecessary.  Accordingly, the court finds that Waldron's hours were reasonable.

## 2. Hourly Rates

The second matter to be determined in calculating the lodestar is the reasonable hourly rate. The reasonable hourly rate is calculated "according to the prevailing market rates in the community." Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997). When determining the proper hourly rate, the court must consider prevailing market rates and the skill and experience of the prevailing parties' attorneys. Id. The party seeking attorneys' fees bears the burden of producing sufficient evidence of what constitutes a reasonable market rate. If a party fails to meet that burden, the district court may exercise its discretion in fixing a reasonable hourly rate. Washington v. Phila. Cnty. Ct. of Common Pleas, 89 F.3d 1031, 1036 (3d Cir. 1996). The district court, however, cannot "decrease a fee award based on factors not raised at all by the adverse party." Rode, 892 F.2d at 1183.

In the present matter, examination of Norcross' invoices reveal that Waldron billed Norcross for 93.55 hours at an hourly rate of $200.00 and 10.10 hours at an hourly rate of $180.00. (Waldron Decl., Ex. 1, pp. 6-18). Norcross failed to produce evidence of what constitutes a reasonable rate within this locality. Stockport, however, has raised no objection to Atty. Waldron's hourly rate. As such, we will exercise our discretion in fixing a reasonable hourly rate.

The court finds that Waldron's hourly rates are reasonable in light of Waldron's skill and experience. Waldron has provided legal services to

7

Norcross since 1998, when he acted as counsel for Norcross regarding the possible acquisition of the property which is subject to the Easement at issue in this matter. (Waldron Decl. ¶ 3). Waldron's extensive knowledge of the subject matter of the underlying dispute was utilized by Norcross in its successful enforcement of its rights under the Easement. The court is satisfied that Waldron's hourly rates are consistent with the prevailing rates charged in this locality for legal services in the area of real estate law by attorneys with similar qualifications and skills. Instructive is the current Community Legal Services, Inc. recommended hourly fee schedule for attorneys working in the Philadelphia area. Brown v. TrueBlue, Inc., 1:10-CV-00514, 2013 WL 5947499 at *2 (M.D. Pa. Nov. 5, 2013). The fee schedule established by Community Legal Services, Inc. "has been approvingly cited by the Third Circuit as being well developed and has been found . . . to be a fair reflection of the prevailing market rates . . ." See Rainey v. Phila. Hous. Auth., 832 F. Supp. 127, 129 (E.D. Pa. 1993). The court finds that Norcross' suggested hourly rates are generally in line with the range of hourly rates established by Community Legal Services. Accordingly, the court finds that the hourly rate used by Waldron is reasonable and will approve the fee request of $18,618.00.

**CONCLUSION**

For the reasons set forth above, the court will approve Norcross' proposed fee request in the amount of $184,775.66. Having reviewed Norcorss' documentary evidence, the court finds that its request is

8

reasonable and therefore merits approval. An appropriate order follows.

**BY THE COURT:**

**Date:** <u>January 13, 2014</u>     **s/ James M. Munley**
                                     **JUDGE JAMES M. MUNLEY**
                                     **United States District Court**